UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-22592-CIV-DIMITROULEAS/Snow

HUGO BERNAL and MARGARITA BERNAL,

    Plaintiffs,

v.

BSL SERVICE, INC., a foreign for-profit corporation,
and BENNETT S. LEBOW,

    Defendants.
_____/

## ORDER

THIS CAUSE is before the Court on the Defendants' Motion to Compel Document Production, Document Identification and Better Answers to Interrogatories Propounded Upon Plaintiffs (ECF No. 30) which was referred to Lurana S. Snow, United States Magistrate Judge. The motion is ripe for consideration and a hearing was held before the undersigned on February 12, 2014. This Order memorializes the Court's rulings from the bench.

This is an action to recover unpaid overtime and minimum wage compensation pursuant to the Fair Labor Standards Act. The Plaintiffs allege that they were employed by the Defendants as a chauffeur and houseman and housekeeper, respectively between 2006 and 2013. According to the Plaintiffs, the Defendants did not keep any time records documenting the Plaintiffs' hours. According to the Defendants, the Plaintiffs are claiming hundreds of thousands of dollars in overtime that they reported to BSL for the first time in 2013, after they learned that they may be separated from their employment due to lack of work.

The Defendants have raised a number of affirmative defenses, including the good faith defense to liquidated damages, fluctuating work week, and Defendant Lebow's claim that he was not the Plaintiffs' employer.

The discovery requests served on both Plaintiffs are identical. Therefore, the rulings contained in this Order apply to both Plaintiffs. Prior to the hearing the parties were able to resolve their differences with respect to some of the issues raised in the Defendants' motion. This Order addresses only the discovery requests which remain at issue.

Requests for Production 9 and 11 seek documents evidencing how the Plaintiffs spent their time when they were not working.

> **RFP 9.** All documents related to your vacation, sick, personal, leave, or other time that you did not work during your employment with BSL Service, including credit card receipts, plane tickets, medical records, or other evidence showing when you were not working.

> **RFP 11.** All documents relating to dates and/or times you visited any health care provider - including but not limited to any physician, osteopath, chiropractor, hospital, surgical center, treatment center, psychiatrist, psychologist, therapist, social worker, dentist, orthodontist, or alternative medicine practitioner - for your own health reasons during any workday since July 18, 2010. This request does not require disclosure of any private medical information. To the extent that any such information is included in any record of the date and time of the visits, it may be redacted from the record.

Plaintiffs' counsel represented to the Court that her clients have no documents related to vacation time, and they have provided documents related to medical appointments, which were redacted. Counsel agreed to remove the redactions from the addresses of the medical facilities visited by the Plaintiffs for the weeks that they are claiming overtime, and to supplement the record to state that the Plaintiffs have no documents related to vacation time.

The only remaining issue with respect to Requests 9 and 11 concerns the Plaintiffs' personal credit card statements, which the Defendant asserts may lead to the discovery of admissible evidence related to how the Plaintiffs spent their time while in the Defendants' employ. The Plaintiffs argue that their credit card statements, which would also evidence purchases made by their children, are not probative because they do not offer evidence of where and what time of day purchases were made. The Court agrees with the Defendant, however, that in light of the hundreds

of thousands of dollars the Plaintiffs are claiming they are owed in overtime, the Defendants should be permitted to discover this information so that they may question the Plaintiffs in deposition regarding activities reflected in the statements which occurred during the periods that Plaintiffs are claiming overtime.  Accordingly, the Plaintiffs shall produce their credit card statements to the Defendants subject to a confidentiality order.  The Plaintiffs may redact the dollar amounts on the bills.

Requests for Production 34 and 39 seek documents related to other litigation involving the Plaintiffs.  At the hearing, Defendants' counsel stated that she only is interested in documents evidencing dates and times the Plaintiffs may have attended litigation related proceedings during the relevant time periods.  Plaintiffs' counsel agreed to supplement the Plaintiffs' response to include any such documents.

Request for Production 38 seeks documents concerning the fee arrangement between the Plaintiffs and their counsel.  The parties agree that this request is premature.  Accordingly, the Plaintiffs need not produce documents evidencing their fee arrangements at this time, however, the Defendants' request is preserved to be renewed post-judgment, if appropriate.

The Plaintiffs responded to Interrogatories 3, 5, 6, 10, 11, and 13-15, by referring the Defendants to all documents produced.  The Plaintiffs shall identify the particular documents by Bates label which are responsive to each interrogatory.

Being fully advised, it is hereby

ORDERED AND ADJUDGED that the Defendants' Motion to Compel Document Production, Document Identification and Better Answers to Interrogatories Propounded Upon Plaintiffs (ECF No. 30) is GRANTED IN PART as follows:

1. With respect to Requests for Production 9 and 11, the Plaintiffs shall remove the redactions from the produced records of their medical appointments to reveal the addresses of the medical facilities they visited, and supplement the record by affirmatively stating that the Plaintiffs

have no documents related to vacation time. The Plaintiffs shall produce their credit card statements for the relevant time period subject to a confidentiality order. The Plaintiffs may redact the dollar amounts on the statements.

      2. The Plaintiffs shall supplement their response to Requests for Production 34 and 39 to include any documents evidencing time spent attending litigation-related events during the relevant time period.

      3. The Plaintiffs need not, at this time, produce documents evidencing their fee arrangements as sought in Request for Production 38. However, the Defendants' request is preserved to be renewed post-judgment, if appropriate.

      4. The Plaintiffs shall identify the particular documents by Bates label which are responsive to Interrogatories 3, 5, 6, 10, 11, and 13-15.

      DONE AND ORDERED at Fort Lauderdale, Florida, this 14th day of February, 2014.

                                              LURANA S. SNOW
                                              UNITED STATES MAGISTRATE JUDGE

Copies to:
All Counsel of Record and Pro Se Parties